UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DAVOL, INC./C.R. BARD, INC.,
POLYPROPYLENE HERNIA MESH
PRODUCTS LIABILITY LITIGATION                                 MDL No. 2846

IN RE: ETHICON PHYSIOMESH FLEXIBLE
COMPOSITE HERNIA MESH PRODUCTS
LIABILITY LITIGATION                                          MDL No. 2782

IN RE: COVIDIEN HERNIA MESH
PRODUCTS LIABILITY LITIGATION (NO. II)
    Baker, et al. v. Johnson & Johnson, et al.,                )
        W.D. Oklahoma, C.A. No. 5:22-00478               )            MDL No. 3029

**MDL No. 2846 CONDITIONAL TRANSFER ORDER (CTO-90)
WITH SEPARATION, REMAND AND
MDL No. 2782 CONDITIONAL TRANSFER ORDER (CTO-77)
MDL No. 3029 CONDITIONAL TRANSFER ORDER (CTO-2)**

On August 2, 2018, the Panel transferred 50 civil action(s) to the United States District Court for the Southern District of Ohio for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See 316 F.Supp.3d 1380 (J.P.M.L. 2018). Since that time, 322 additional action(s) have been transferred to the Southern District of Ohio. With the consent of that court, all such actions have been assigned to the Honorable Edmund A. Sargus, Jr.

On June 2, 2017, the Panel transferred 16 civil action(s) to the United States District Court for the Northern District of Georgia for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See 254 F.Supp.3d 1381 (J.P.M.L. 2017). Since that time, 179 additional action(s) have been transferred to the Northern District of Georgia. With the consent of that court, all such actions have been assigned to the Honorable Richard W. Story.

On June 6, 2022, the Panel transferred 6 civil action(s) to the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See _F.Supp.3d_ (J.P.M.L. 2022). Since that time, 1 additional action(s) have been transferred to the District of Massachusetts. With the consent of that court, all such actions have been assigned to the Honorable Patti B. Saris.

It appears that the action on this conditional transfer order comprises claims by plaintiffs implanted with an Ethicon Physiomesh hernia mesh product, claims by plaintiffs implanted with a Bard hernia mesh product, claims by plaintiffs implanted with a Covidien hernia mesh product, and claims by plaintiffs implanted with hernia mesh products manufactured by unspecified or multiple

manufacturers. The claims of plaintiff Jerry Bryant, which do not involve allegations relating to the implantation of a Bard hernia mesh product but rather relating to the implantation of a Covidien hernia mesh product, are separated and simultaneously remanded to the Western District of Oklahoma and transferred to MDL No. 3029. The claims of plaintiff Kirby Slupe, which do not involve allegations relating to the implantation of a Bard hernia mesh repair product but rather relating to the implantation of an Ethicon Physiomesh hernia mesh product, are separated and simultaneously remanded to the Western District of Oklahoma and transferred to MDL No. 2782.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the remaining claims in this action are transferred under 28 U.S.C. §1407 to the Southern District of Ohio for the reasons stated in the order of August 2, 2018, and, with the consent of that court, assigned to the Honorable Edmund A. Sargus, Jr.

This order does not become effective until it is filed in the office of: (1) the Clerk of the United States District Court for the Southern District of Ohio; (2) the Clerk of the United States District Court for the Northern District of Georgia, and (3) the Clerk of the United States District Court for the District of Massachusetts. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is pending at this time, the stay is lifted.

Jul 01, 2022

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

John W. Nichols
Clerk of the Panel