UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COVIDIEN HERNIA MESH PRODUCTS LIABILITY LITIGATION NO. II,<br><br>This Document Relates To:<br><br>All Cases | MDL No. 1:22-md-03029-PBS |

**CASE MANAGEMENT ORDER NO. \_\_**
**(Regarding Plaintiff Profile Forms and Defendant Profile Forms)**

This Court hereby issues the following Case Management Order to govern the form, procedure, and schedule for the completion and service of Plaintiff Profile Forms ("PPFs") and other documents referenced therein.

**I.     Scope of this Order**

This Order applies to all Plaintiffs and their counsel in: (a) all actions transferred to MDL 3029 by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of June 6, 2022, including those cases subsequently transferred as tag-along actions; and (b) all related actions originally filed in or removed to this Court. The obligation to comply with this CMO and to provide a PPF shall fall solely to the individual counsel representing a Plaintiff. As with all case-specific discovery, the members of the PSC are not obligated to conduct case-specific discovery for Plaintiffs by whom they have not been individually retained.

**II.    Plaintiff Profile Forms**

    **A.    The PPF Form and Service**

        1.     Each Plaintiff in an action in MDL 3029 shall complete and serve upon Defendants via email a completed PPF, the form of which has been agreed to by the parties and

1

approved by the Court, which is attached hereto as Exhibit A, along with all duly executed authorizations for the release of relevant medical records.

        2.       For cases currently on file as of November 21, 2022, a completed PPF, the form of which has been agreed to by the parties and approved by the Court, which is attached hereto as Exhibit A, along with all duly executed authorizations for the release of relevant medical records, shall be served upon Defendants on or before January 12, 2023. For cases filed or transferred to this Court after November 21, 2022, a completed PPF, along with all duly executed authorizations for the release of relevant medical records, shall be served upon Defendants within 90 days of service of the complaint.

        3.       The completed PPF and the duly executed authorizations shall be served upon Defendants' counsel via email at: CovidienMeshMDL@us.dlapiper.com. A copy of the PPF shall be sent to the PSC's designee at covidienmdlppf@fleming-law.com.

**B.   Amendments**

Each Plaintiff shall remain under a continuing duty to supplement the information provided in the PPF.

**C.   PPF Deficiency Dispute Resolution**

   **1.  Phase I: Deficiency Letter**

        a.      If Defendants deem a PPF deficient, including for failure to serve a PPF within the time required in this CMO, Defendants' counsel shall notify Plaintiff's attorney of record of the purported deficiencies via email and allow such Plaintiff an additional 45 days to correct the alleged deficiency. A courtesy copy of the email shall be sent to the PSC's designee at covidienmdlppf@fleming-law.com.

b.  Defendants shall identify the case name, docket number, the 45-day deadline date and include sufficient detail regarding the alleged deficiency(ies).

2. **Phase II: Meet and Confer**

Should a Plaintiff not respond to the deficiency letter within the time required, then Defendants may request a meet and confer. Defendants' counsel shall notify Plaintiff's attorney of record via email of the request to meet and confer and state that the meet and confer shall occur within 21 days. A courtesy copy of the email shall be sent to the PSC's designee at covidienmdlppf@fleming-law.com. The parties' meet and confer period shall begin upon receipt of the email by Plaintiff's attorney of record and, absent agreement of the parties, shall be completed by the conclusion of the 21 days.

3. **Phase III: Motion to Dismiss**

a.  Following the meet and confer period, should Plaintiff: (i) fail to cure the stated deficiency(ies); (ii) fail to assert objections to same; (iii) fail to respond to or participate in the meet and confer process; or (iv) otherwise fail to provide responses, and absent agreement of the parties to further extend the meet and confer period, at any time following expiration of the 21 day meet and confer period, Defendants may then file a Motion to Dismiss for failure to serve a sufficient PPF via ECF, with a courtesy copy sent via email to Plaintiffs attorney of record and to the PSC's designee at covidienmdlppf@fleming-law.com.

b.  Any response to such a motion shall be filed and served within 14 days following the date of service. Any reply, if necessary, shall be filed within 7 days following the date of service of the opposition.

c.  Absent an Order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

**III.     Defendant Profile Forms**

        1.     The parties are still meeting and conferring over the need for and possible format of a Defense Profile Form ("DPF").

        SO ORDERED.

                                                  _____
                                                  Hon. Patti B. Saris
                                                  United States District Judge

# EXHIBIT A TO ORDER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE: COVIDIEN HERNIA MESH PRODUCTS LIABILITY LITIGATION NO. II,**<br><br>**This Document Relates To:**<br><br>**PLAINTIFF NAME** | **MDL No. 1:22-md-03029-PBS**<br><br>**Civil Action No._____** |

**PLAINTIFF PROFILE FORM**

In completing this Plaintiff Profile Form, you must provide information that is true and correct to the best of your knowledge. The Plaintiff Profile Form shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order. As used in this Plaintiff Profile Form, "Covidien Hernia Mesh Device" refers to the medical device or devices about which you are making a claim.

**I. CASE INFORMATION**

**Caption:**_____   **Docket No.:** _____

**Primary Attorney Contact (name, address, phone, and email):**

_____

**II. PLAINTIFF INFORMATION**

**Name of Individual Implanted with Covidien Hernia Mesh Device:**

_____

**Gender of Individual Implanted with Covidien Hernia Mesh Device:** ❑ **Male** ❑ **Female**

**Date of birth:**_____   **Last 4 Digits of Social Security No.:** _____

**Current Address:** _____

_____

**Loss of Consortium Claim?** ❑ **Yes** ❑ **No**

      **If yes, name of spouse:** _____

**Name of Estate Representative if Individual Implanted with Covidien Hernia Mesh Device is Deceased:**
_____

| III.  COVIDIEN HERNIA MESH DEVICE NO. 1 |
| --- |

**Date of Implant**: _____

**Reason Covidien Hernia Mesh Device was Implanted (including whether inguinal, femoral, ventral, umbilical, or other type of hernia)**:_____
_____

**Covidien Hernia Mesh Device**: _____

**Lot Number:**  _____

**Implanting Surgeon (name and address)**: _____
_____

**Hospital (name and address)**:  _____
_____

**\*\*Attach the implant operative report and any medical evidence of product identification (product ID sticker).\*\***

**Was the Covidien Hernia Mesh Device Revised or Removed?**
❑ Yes ❑ No ❑ Partially ❑ Unknown

**Date of revision/removal surgery**: _____

**Description of revision/removal surgery**: _____
_____

**Explanting Surgeon (name and address)**: _____
_____

**Medical Facility (name and address)**: _____
_____

**\*\*Attach the operative report, any pathology report, and any medical evidence identifying the device removed/revised.\*\***

**A.** **Plaintiff asserts the following injuries as a result of the Covidien Hernia Mesh Device:**

| | | | |
|---|---|---|---|
| ☐ | Abscess(es) | ☐ | Loss of testicle(s) |
| ☐ | Adhesions | ☐ | Mesh migration |

☐ Bowel/intestinal obstruction(s)      ☐ Mesh shrinkage

☐ Bowel/intestinal perforation(s)      ☐ Nerve damage

☐ Bowel/intestinal removal(s)      ☐ Other organ perforation(s)

☐ Death      ☐ Pain & Suffering

☐ Recurrence      ☐ Seroma(s)

☐ Fistulae      ☐ Other (describe below)

☐ Infection(s)

_____
_____
_____
_____

Please describe any additional information regarding Plaintiff's physical injury(ies) that Plaintiff believes were caused as result of the Covidien Hernia Mesh Device: _____
_____
_____
_____
_____
_____
_____
_____

B. **Please list all doctors or other healthcare providers Plaintiff has seen for treatment of any of the alleged injuries listed above.**

| Provider Name, Address, and Specialty | Condition Treated | Approximate Dates of Treatment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**\*\*Attach additional pages as needed to describe injuries or identify other responsive health care providers.\*\***

|  IV.  COVIDIEN HERNIA MESH DEVICE NO. 2  |
|---|

**Date of Implant**: _____

**Reason Covidien Hernia Mesh Device was Implanted (including whether inguinal, femoral, ventral,**

**umbilical, or ther type of hernia**:_____

_____

**Covidien Hernia Mesh Device**: _____

**Lot Number:** _____

**Implanting Surgeon (name and address)**: _____

_____

**Hospital (name and address)**:  _____

_____

*\*\*Attach the implant operative report and any medical evidence of product identification (product ID sticker).\*\**

**Was the Covidien Hernia Mesh Device Revised or Removed?**
❏ **Yes** ❏ **No** ❏ **Partially** ❏ **Unknown**

**Date of revision/removal surgery**: _____

**Description of revision/removal surgery**: _____

_____

9

**Explanting surgeon (name and address):** _____

_____

**Medical Facility (name and address):** _____

_____

***Attach the operative report, any pathology report, and any medical evidence identifying the device removed/revised.***

A.	Plaintiff asserts the following injuries as a result of the Covidien Hernia Mesh Device:

| | |
|---|---|
| ☐ Abscess(es) | ☐ Loss of testicle(s) |
| ☐ Adhesions | ☐ Mesh migration |
| ☐ Bowel/intestinal obstruction(s) | ☐ Mesh shrinkage |
| ☐ Bowel/intestinal perforation(s) | ☐ Nerve damage |
| ☐ Bowel/intestinal removal(s) | ☐ Other organ perforation(s) |
| ☐ Death | ☐ Pain & Suffering |
| ☐ Recurrence | ☐ Seroma(s) |
| ☐ Fistulae | ☐ Other (describe below) |
| ☐ Infection(s) | |

_____
_____
_____
_____

Please describe any additional information regarding Plaintiff's physical injury(ies) that Plaintiff believes were caused as result of the Covidien Hernia Mesh Device: _____
_____
_____
_____
_____
_____
_____
_____
_____

B.  Please list all doctors or other healthcare providers Plaintiff has seen for treatment of any of the alleged injuries listed above.

| Provider Name, Address, and Specialty | Condition Treated | Approximate Dates of Treatment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

***Attach additional pages as needed to describe injuries or identify other responsive health care providers.***

If more than 2 Covidien Hernia Mesh Devices were implanted, attach additional pages with information above for each additional Covidien Hernia Mesh.

| V.  MEDICAL HISTORY |
|---|

A.  Has Plaintiff ever been diagnosed with:

Diabetes:                                                           ☐ Yes  ☐ No  ☐ Unknown/Unsure

Adhesions or Adhesive Disease:                      ☐ Yes  ☐ No  ☐ Unknown/Unsure

Cancer:                                                              ☐ Yes  ☐ No  ☐ Unknown/Unsure

| | | |
|---|---|---|
| Cardiovascular condition: | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Chronic pain condition: | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Irritable Bowel Syndrome: | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Lupus: | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Auto Immune Disorder: | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Anemia or other blood disorder: | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Respiratory disease (i.e. Emphysema and/or COPD): | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Any disease of the gut, intestines, or bowels: | ☐ Yes ☐ No ☐ **Unknown/Unsure** |

**With regard to cigarettes, Plaintiff is a:**
(PLEASE CHECK ONLY ONE)

☐ Non-smoker

☐ Current Smoker (please answer question 1 below)

1. How many packs a day does Plaintiff smoke? _____

☐ Former Smoker (please answer question 2 below)

2. Approximately when did Plaintiff quit? _____

**Describe all surgical procedures Plaintiff has undergone in the abdominal, pelvic or inguinal area:**
_____
_____

**Has Plaintiff ever been implanted with another manufacturers' hernia mesh device?**
☐ Yes ☐ No  If Yes, identify device name: _____

## VII.  OTHER

A.   (1) Is Plaintiff claiming damages for lost wages: ☐ **Yes** ☐ **No**

   (2) If so, for what time period(s): _____

B.   (1) In the past seven years has Plaintiff filed for bankruptcy: ☐ **Yes** ☐ **No**

   (2) If so, when? _____

**AUTHORIZATIONS AND MEDICAL RECORDS TO BE PRODUCED**

Provide duly executed medical records authorization forms attached as Ex. A for all healthcare providers identified in Section III.B and IV.B. These authorization forms will authorize the records vendor selected by the parties to obtain those records identified in the authorizations from the providers identified within this Plaintiff Profile Form.

Provide a copy of all medical records in your possession, custody, or control (including any medical records in your attorney's possession) related to the claims and/or alleged injuries in this case.

Signed this____Day of_____, 202__

_____
Plaintiff's Counsel of Record
Firm Name
Firm Address
Firm Address 2
Phone
Email

# EXHIBIT A TO PPF

# AUTHORIZATION

For the Disclosure of Protected Health Information Pursuant to 45 CFR § 164.508(a)(1)

To: _____
    Name

   _____
   Address

   _____
   City, State and Zip Code

This document authorizes you to disclose to the named party or parties below upon request, the medical records described below concerning _____, whose date of birth is _____ and whose social security number (last four digits) is _____, for the purpose of permitting defendants in my personal injury lawsuit against Covidien, LP, access to medical records pertinent to that lawsuit. This authorization does not allow any person other than my attorneys to discuss my medical care and treatment with you or anyone else.

You are hereby authorized to release my entire medical records file to the defendant or its authorized representative listed below ("Record Requestor"). This release authorizes you to furnish copies of all medical records, including but not limited to medical reports and notes, laboratory reports, pathology slides, reports, notes, and specimens, radiographic films, CT scans, X-rays, MRI films, MRA films, correspondence, progress notes, prescription records, echocardiographic recordings, written statements, employment records, wage records, insurance, Medicaid, Medicare, and disability records, and medical bills regarding my injuries, diseases, testing, or treatment, specifically but not limited to HIV/AIDS or other communicable diseases, drug testing, drug or alcohol abuse treatment, or mental or behavioral health or psychiatric care, **excluding psychotherapy notes**.

You may not condition treatment, payment, enrollment, or eligibility for benefits on whether this authorization is signed.

I intend that this authorization shall be continuing in nature. If information responsive to this authorization is created, learned or discovered at any time in the future, either by you or another party, you must produce such information to the requestor at that time.

Further, I hereby agree that a photo static copy of this authorization may serve as an original.

You are authorized to release the above information to the following representative of defendants in the above-entitled matter who has agreed to pay reasonable charges made by you to supply copies of records.

<u>M R C</u>
Name of Representative

<u>Records Requestor</u>
Representative Capacity (e.g. attorney, records requestor, agent, etc.)

<u> 1336 Brittmoore Road, Suite 100    </u>
Street Address

<u>Houston, Texas  77043</u>
City, State and Zip Code

This authorization may be revoked by writing to the individual to whom this authorization is provided. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and any revocation will not affect those actions. I also understand that provision of this signed authorization is required by Order of the Court in the litigation to which this authorization pertains, and that such revocation, without good cause, may consequently lead to sanctions.

I further acknowledge the potential for information disclosed pursuant to this authorization to be subject to redisclosure by a recipient and not protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

This authorization expires two years from the date below.

Date: _____

_____
Signature or Patient (or Patient's Representative)

_____
Description of Representative's Authority to Act for Patient, if Applicable