**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE: COVIDIEN HERNIA MESH PRODUCTS LIABILITY LITIGATION NO. II,** | |
| **This Document Relates To:** | **MDL No. 1:22-md-03029-PBS** |
| **All Cases** | |

## CASE MANAGEMENT ORDER NO. 8
### (Regarding Plaintiff Fact Sheets)

This Court hereby issues the following Case Management Order to govern the form, procedure, and schedule for the completion and service of Plaintiff Fact Sheets ("PFS") and other documents referenced therein.

## I.     Scope of this Order

This Order applies to all Plaintiffs and their counsel in all actions selected as Bellwether Discovery Pool Cases pursuant to CMO No. 4, as well as any replacement cases, or any cases selected in the future by further Order of the Court.  The obligation to comply with this CMO and to provide a PFS shall fall solely on the Plaintiff(s) in an individual case and the individual counsel representing the Plaintiff(s).  As with all case-specific discovery, Co-Lead Counsel and the members of the PSC are not obligated to conduct case-specific discovery for Plaintiffs by whom they have not been individually retained.

## II.     Plaintiff Fact Sheets

### A.     The PFS Form and Service

1.     Each Bellwether Plaintiff, whose case was selected on February 28, 2023 pursuant to CMO No. 4, shall complete and serve upon Defendants via email a completed PFS, the form of which has been agreed to by the parties and approved by the Court, which is attached

as Exhibit A.  The responding Plaintiffs must answer the questions contained in the PFS to the best of his or her ability, even if a Plaintiff can answer the questions in good faith only by indicating "not applicable"; and comply with the provisions set forth in Sections II.A and II.B herein. Specifically, every Bellwether Plaintiff shall:

      a.   Complete, verify, execute, and date a PFS;

      b.   Produce requested records and documents in response to the document requests set forth in the PFS as maintained by Plaintiff and his/her counsel (to the extent not subject to privilege and/or work-product protections and not already produced in connection with the Bellwether Plaintiff's service of the Plaintiff Profile Form); and

      c.   To the extent not already provided with the Plaintiff Profile Form, produce duly executed authorizations to obtain discoverable documents, as set forth in Section III.A below.

      2.   In accordance with CMO No. 4, the PFS for the 6 Plaintiffs whose cases have been selected as Bellwether Discovery Pool Cases shall be due on or before April 1, 2023. For any cases selected as Bellwether Discovery Pool Cases after the date of this Order, the PFS shall be served within 45 days of designation as a Bellwether Discovery Pool Case.

      3.   The completed PFS shall be served upon Defendants' counsel via email at: CovidienMeshMDL@us.dlapiper.com. A copy of the PFS shall be sent to the PSC's designee at covidienmdlpfs@fleming-law.com.

    **B.**   **<u>Verification & Amendments</u>**

      1.   Each completed PFS shall be verified, signed and dated by the Plaintiff as if it were interrogatory responses under Fed. R. Civ. P. 33.  All responses in a PFS or amendment

thereto are binding on the individual Plaintiff as if they were contained in answers to interrogatories under Fed. R. Civ. P. 33 and can be used for any purpose and in any manner that answers to interrogatories can be used pursuant to the Federal Rules of Civil Procedure, subject to the confidentiality provisions of Section IV below.  The Requests for Production of Documents in the PFS shall be treated as document requests under Fed. R. Civ. P. 34.  The questions in the PFS shall be answered without objection as to relevance or the form of the question.

2.      Pursuant to Fed. R. Civ. P. 26(e), each Plaintiff shall remain under a continuing duty to supplement the information provided in the PFS.

3.      Any Plaintiff who undergoes revision surgery or other surgical procedure related to the claims at issue in the case after completing and serving a PFS must complete and serve an updated PFS (including providing any additional responsive documentation that is in Plaintiff's possession) within 60 days after the date of the surgery or 30 days after Plaintiff's counsel becomes aware of such surgery or procedure, whichever is later.

4.      In any case where a deposition of the Plaintiff is scheduled, Plaintiff must submit any supplement and/or amendments to the PFS, to the extent applicable and to the extent the material is within the Plaintiff's or his/her attorney's possession, at least 7 days before the date of Plaintiff's deposition, notwithstanding the deadlines set forth above in II.B.3.

C.   **PFS Deficiency Dispute Resolution**

1.   **Phase I: Deficiency Letter**

a.      If Defendants deem a PFS deficient, including for failure to serve a PFS within the time required in this CMO, Defendants' counsel shall notify Plaintiff's attorney of record of the purported deficiencies via email and allow such Plaintiff an additional 30 days to

correct the alleged deficiency. A courtesy copy of the email shall be sent to the PSC's designee at covidienmdlpfs@fleming-law.com.

      b.      Defendants shall identify the case name, docket number, the 30-day deadline date and include sufficient detail regarding the alleged deficiency(ies).

    **2.**  **Phase II: Meet and Confer**

      Should a Plaintiff not respond to the deficiency letter within the time required, then Defendants may request a meet and confer. Defendants' counsel shall notify Plaintiff's attorney of record via email of the request to meet and confer and state that the meet and confer shall occur within 14 days. A courtesy copy of the email shall be sent to the PSC's designee at covidienmdlpfs@fleming-law.com. The parties' meet and confer period shall begin upon receipt of the email by Plaintiff's attorney of record and, absent agreement of the parties, shall be completed by the conclusion of the 14 days.

    **3.**  **Phase III: Motion to Dismiss**

      a.      Following the meet and confer period, should Plaintiff: (i) fail to cure the stated deficiency(ies); (ii) fail to assert objections to same; (iii) fail to respond to or participate in the meet and confer process; or (iv) otherwise fail to provide responses, and absent agreement of the parties to further extend the meet and confer period, at any time following expiration of the 14 day meet and confer period, Defendants may then file a Motion to Dismiss for failure to serve a sufficient PFS via ECF, with a courtesy copy sent via email to Plaintiff's attorney of record and to the PSC's designee at covidienmdlpfs@fleming-law.com.

      b.      Any response to such a motion shall be filed and served within 14 days following the date of service. Any reply, if necessary, shall be filed within 7 days following the date of service of the opposition.

    c.  Absent an Order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

## III. Authorizations and Access to Medical Records through Medical Research Consultants (MRC)

### A. Authorizations

    To the extent not already provided with the Plaintiff Profile Form, Bellwether Discovery Pool Plaintiffs shall produce duly executed authorizations, which are collectively attached as Exhibit B, to obtain discoverable documents for medical providers and facilities, insurance records, psychiatric records (as relevant and explained below), workers' compensation (if the Plaintiff is claiming lost wages), disability records, and employment records (if the Plaintiff is claiming lost wages). In the event an institution, agency, or medical providers to which a signed authorization is presented refuses to provide responsive records, the individual Plaintiff's attorney shall attempt to resolve the issue with the institution, agency, or medical provider.  If the entity still refuses, the requesting party is responsible for seeking appropriate relief from the Court.  The Parties agree that, if a Plaintiff does not date the Authorizations attached to the PFS and forwarded to Defendants, then Defendants can date the Authorizations with the date the PFS was served via email to Defendants.  Leaving the date on Authorizations blank when forwarded to Defendants shall not constitute a deficiency under this CMO.

    Individual plaintiffs' counsel may, by agreement, allow Defendants to fill in any other missing information to avoid a deficiency, including healthcare provider, patient name, social security number, date of birth, or employer.  In no event shall this consent be construed to allow Defendants to fill in missing information that is not listed in the PPF or PFS unless Defendants receive express written authorization from Plaintiff's counsel in an individual case. Absent an

agreement, not including information in the Authorization, other than the date as discussed above will be addressed pursuant to Section C above.

Should any healthcare provider from which Defendants seek records require a proprietary or special authorization, Defendants shall forward same to Plaintiff's counsel. Plaintiff's counsel will endeavor to use their best efforts to have Plaintiff execute said proprietary or special authorization within 21 days of receiving a copy of the requested proprietary or special authorization from Defendants.

Bellwether Discovery Pool Plaintiffs who are not making a claim for psychiatric injury that necessitated mental health treatment do not need to sign or return authorizations related to mental health treatment records; provided, however, that Defendants reserve their right to request such records from any Plaintiff if they have a good faith basis to believe such records should be produced in that case.  In such event, the Parties agree to meet and confer in good faith as to whether such a production is appropriate.  Signing an authorization for release of mental health treatment records shall not constitute waiver of any claim of privilege or any other legal protection for such records under applicable law. Any authorizations provided by Plaintiff become null and void when his or her case is resolved, and any use of the authorizations beyond that date or for any purpose other than this case is prohibited.

**B.**   **Access to Medical Records**

The parties have agreed that Defendants will provide Bellwether Discovery Pool Plaintiffs with copies of the medical records obtained with authorizations provided along with the PPF or PFS.  Upon a written request by counsel for the Plaintiff(s) in a Bellwether Discovery Pool case, Defendants will provide the records within 7 days, along with a bill from MRC for any pass through costs associated with reproducing the records that MRC already obtained for Defendants.

Plaintiff's counsel will then remit payment to Defendants or MRC within 7 days of receipt of the records.

**IV.**     <u>**Confidentiality**</u>

All information disclosed in a PFS, the PFS itself, and all related documents (including health care information) produced pursuant to the PFS or from the authorizations provided therewith shall be deemed confidential and treated as "Confidential Information" under Case Management Order No. 2.

**V.**     <u>**Depositions**</u>

The PFS will not be interpreted to limit the scope of inquiry at depositions, nor will it affect whether evidence is admissible at trial. The admissibility of information in the PFS is governed by the Federal Rules of Evidence, and objections to admissibility are not waived by virtue of the completion and service of a PFS.

SO ORDERED.

**/s/M. Page Kelley**

**M. Page Kelley**
**Chief U.S. Magistrate Judge**

**April 7, 2023**

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

*MDL No. 3029*
*In Re: Covidien Hernia Mesh Product Liability Litigation No. II*

---

**PLAINTIFF FACT SHEET**

For each case selected for the Bellwether Discovery Cases pursuant to Case Management Order No. 8, Plaintiff must complete this Plaintiff Fact Sheet ("PFS").

Please answer every question to the best of your knowledge.  In completing this PFS, you are under oath and must provide information that is true and correct to the best of your knowledge.  If you cannot recall all the details requested, please provide as much information as you can.  You must supplement your responses if you learn that they are incomplete or incorrect in any material respect.  ***For each question where the space provided does not allow for a complete answer, please attach additional sheets so that all answers are complete***.

In each of the following sections, please provide information regarding the individual implanted with one or more Covidien Hernia Mesh Device(s) that Plaintiff alleges caused injury.  Any references to "you" or "your" refers to that person.  "Covidien Hernia Mesh Device" refers to the medical device(s) about which you are making a claim.

**I.    CASE INFORMATION**

> This PFS pertains to the following case:
>
> Case Caption:  _____
>
> Docket number:  _____

**II.   PLAINTIFF INFORMATION**

**A.    Covidien Hernia Mesh Device User Information.**

1.  Full name of individual implanted with Covidien Hernia Mesh Device(s):
    _____

2.  Other names, maiden name, nicknames, and aliases, if any, and the date(s) of such use:
    **_____**

3.  Ethnicity: Caucasian (white) _____   Hispanic _____   Black _____

    Native American _____   Asian _____   Other (please specify): _____

4.  Current address:  _____

5. How long have you been living at your current address: _____

List all prior addresses from two years before your first surgery involving Covidien Hernia Mesh Device(s) to the present:

| Prior Address | Dates You Lived At This Address |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

**B.**    **Marital Status & Children.**

1. Are you currently married?  Yes ____ No ____

   *If yes,* please provide your current spouse's full name, home address, and occupation:
   _____

2. Have you ever been divorced or separated?    Yes ____   No ____

   *If yes*, please provide the name(s) of your former spouse(s) and the date you were divorced or separated:
   _____

3. Do you have children (biological or legally adopted)?  Yes ____  No____

   *If yes*, for each of your children, please list his/her name, age, and current address**:**

| Name | Age | Current Address |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**C.**    **Education History.**

Beginning with high school and continuing through your highest level of education, identify each school, college, university and/or other educational institution you have attended, the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Name of School | City/State | Degree Awarded and/or Area of Study/Major | Approx. Dates of Attendance |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**D.**     **Employment History.**

1.  Are you currently employed? Yes _____   No _____

   *If yes,* please provide the following information regarding your current employer:

   a.  Name of Employer: _____

   b.  Address: _____

   c.  Dates of Employment: _____

   d.  Occupation/Job Duties: _____

Provide the following information for each employer you have had from two years before your first surgery involving Covidien Hernia Mesh Device(s) to the present (other than your current employer).  If you are including a claim for lost wages in this case, also list, for each position, salary and/or other compensation received.  If you are **not** claiming lost wages or lost earning capacity, you are **not** required to provide your salary or rate of compensation.

| Employer's Name, Supervisor, Address, Telephone Number | Dates of Employment | Occupation / Title | Reason for Leaving | Salary / Annual Gross Income |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

2. From 5 years before the date of your first Covidien hernia mesh implant to present, have you been out of work for more than 30 days for reasons related to your health? Yes _____ No _____

   *If yes*, please state the dates you were out of work, employer, and health condition:

   _____

   _____

3. Have you ever left a job for a medical reason?   Yes _____      No _____

   *If yes*, describe why you left: _____

4. Have you filed a worker's compensation, social security, and/or state or federal disability claim within the last 10 years? Yes _____      No _____

   *If yes*, for each claim please state:

   a. Type of claim (for example, worker's comp., disability): _____
   b. Year claim was filed: _____
   c. The agency to whom you submitted your application: _____
   d. Court/State where claim was filed: _____
   e. Nature of claimed injury/disability: _____

**E.      Military Service.**

1. Have you ever served in any branch of the military? Yes _____      No _____

   *If yes,* provide branch and dates of service: _____

2. Were you discharged for any reason relating to your health (whether physical, psychiatric or other health condition)? Yes _____      No _____

   *If yes,* state the condition: _____

3. Have you ever been rejected from military service for any reason relating to your health (whether physical, psychiatric, or any other health condition)? Yes _____      No _____

   *If yes*, state the condition: _____

4

G.    **Insurance.**

Identify each insurance carrier (including government health care programs, such as Medicaid, Medicare, and Tricare), with whom you have had health insurance coverage from the time of your first surgery involving Covidien Hernia Mesh Device(s) to the present:

| Insurance Co. | Policy No. | Policy Holder | Approx. Dates of Coverage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

H.    **Lawsuits and Past Claims.**

1.  From 10 years before the date of your first Covidien Hernia Mesh Device implant to present, have you been a party to an arbitration or civil lawsuit, other than this current action, related to any bodily injury?

    Yes _____   No _____

    *If yes*, for each such lawsuit or claim, state the parties, the court in which the lawsuit was filed, a brief description of the injury/claims asserted, and the outcome of the claim:

    _____  _____

    _____

    _____

    _____

5

**IV.**   **ALLEGED INJURY AND DAMAGES**

    **A.**   **Alleged Injuries.**

        1.   To your knowledge, has any doctor attributed your physical and/or bodily injuries to the Covidien Hernia Mesh Device(s)?   Yes_____ No_____

        2.   Have you had discussions with any physician(s) or other healthcare provider(s) about whether your alleged injury or injuries are, or might be, related to the use of Covidien Hernia Mesh Device?  If so, complete the following:

| Name & Address of Healthcare Provider | Date of Discussion | Name of Mesh Discussed | Nature of Statement |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

    **B.** **Psychiatric or Psychological Injuries.**

        1.   Are you claiming in this case that you suffered psychiatric or psychological injury requiring medical treatment as a result of your use of the Covidien Hernia Mesh Device? Yes _____  No _____

        *If yes*, please describe: _____

        *If yes*, please list any health care provider(s) from whom you have sought treatment for these alleged injuries, including their name and address:

        _____

    **C.**   **Medical Expenses.**

    Please list any out-of-pocket costs you have incurred relating to your alleged injuries, including any physical, and/or psychological injury.

| Category and/or Types of Expenses Incurred (e.g., co-pay, deductible, etc.) | Approximate Amount of Out-of-Pocket Costs |
|---|---|
|  |  |
|  |  |

**D.**   **Information Related to The Implant Surgery / Consent.**

1.  At any time, did you receive any <u>written</u> information, including but not limited to instructions or warnings, about Covidien Hernia Mesh Device(s) and/or potential complications of your surgery?
    Yes _____   No _____

    *If yes*, please complete the following:

    a.  Information received:   _____

    _____

    b.  When information received:   _____

    c.  From whom information received:   _____

2.  At any time, did you receive any information <u>orally</u>, including but not limited to instructions or warnings, about Covidien Hernia Mesh Device(s) and/or potential complications of your surgery?
    Yes _____   No _____

    *If yes*, please complete the following:

    a.  Information received:   _____

    _____

    b.  When information received:   _____

    c.  From whom information received:   _____

    ***Please copy, complete and attach additional pages if necessary to provide a complete response.***

**E.**   **Prior Conditions.**

1.  At this time, are you aware of any prior condition that the Covidien Hernia Mesh Device has worsened?
    Yes _____   No _____   I Don't Know _____

    *If yes*, state the injury or condition, whether or not you believe you had already recovered from that injury or condition before your surgery with a Covidien Hernia Mesh Device, and the date of recovery, if any:

    _____
    _____

2. Over the past 15 years, have you experienced or been diagnosed or treated for any injuries, illnesses, or disabilities (whether physical or psychiatric\*) *other than* those that you believe were caused by a Covidien Hernia Mesh Device (\*If you are **not** claiming psychological injuries, you do **not** need to answer this question as it relates to prior psychiatric injuries and/or conditions):

> Yes _____          No _____

*If yes*, identify the injury, illness, medical condition, or disability not otherwise identified above, other than the common cold or flu, that Plaintiff has experienced in the last 15 years:

| Injury or Condition | Date of Onset | Date of Diagnosis | Physician Who First Diagnosed Condition | Treating Healthcare Provider(s) | Medication / Treatment | Current Status of Condition |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

**F.  Fact Witnesses.**  Please identify all persons who you believe possess information concerning your injury and/or your current medical conditions and for each, state their name, address, telephone number, and a description of the information you believe they possess.

Name: _____

Address: _____

City: _____ State: _____ Zip: _____ Phone: _____

Relationship: _____

Information they possess: _____

_____

Name: _____

Address: _____

City: _____ State: _____ Zip: _____ Phone: _____

Relationship: _____

Information they possess: _____

_____

Name: _____

Address: _____

City: _____ State: _____ Zip:_____ Phone: _____

Relationship: _____

Information they possess: _____

_____

***Please copy and complete and attach additional pages if necessary to provide a complete response.***

## V.    <u>MEDICAL BACKGROUND</u>

### A.    **Medical History.**

1.  Current Height: _____

2.  Current Weight**:** _____

3.  Please indicate how many pregnancies you have had, if applicable: _____

4.  How many of those pregnancies were delivered via a Cesarean section: _____

### B.    **Social History.**

1.  Do you exercise?

Yes ____ No ____

***If yes,*** please explain the type and frequency of exercise:

_____ _____

2.  Do you regularly engage in strenuous activity (i.e., lifting 20 lbs. or more) at work?

Yes ____ No ____

***If yes,*** please explain the type and frequency of strenuous activity:

_____ _____

3. <u>Alcohol Use</u>.  Please check and provide information for all that apply:

    a.  Do you currently drink alcohol (beer, wine liquor)? Yes _____ No _____

        *If yes,* how many drinks on average:  ___ drinks per week

4. <u>Illicit Drugs</u>.  Have you ever used illicit drugs or controlled substances of any kind? Yes _____ No _____

    *If yes,* which have you used and from what dates: _____

5. **Prescription and Non-Prescription History.**

List all medications (such as prescription, non-prescription/OTC, vitamins) that you have taken regularly over the past 10 years.  Note: "regularly" means, for example, 30 consecutive days, or 75 cumulative days in the last 10 years:

| Medication | Date First Taken | Date Last Taken | Prescribing Healthcare Provider(s) (if any) | Reason for Prescription / Use |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

6. **Family Medical History.**

1. Has anyone in your immediate or extended family ever had a hernia:

    Yes __ No __

    *If yes*, please identify your relationship with the family member and describe the type of hernia (if known). _____

## VI.    <u>YOUR HEALTHCARE PROVIDERS</u>

A.    Your current primary care physician(s) or healthcare provider(s):

| Name | Address |
|------|---------|
|      |         |
|      |         |

B.    Your primary care physicians for the past 10 years:

| Name | Address |
|------|---------|
|      |         |
|      |         |
|      |         |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment in the past 10 years that you have not already identified in the Plaintiff Profile Form:

| Name | Address | Approximate Dates | Reason for Admission |
|------|---------|-------------------|----------------------|
|      |         |                   |                      |
|      |         |                   |                      |
|      |         |                   |                      |
|      |         |                   |                      |

D.     Each hospital, clinic, or healthcare facility or provider where you have received out-patient treatment (including emergency room treatment and outpatient surgery) in the past 10 years that you have not already identified in the Plaintiff Profile Form:

| Name | Address | Approximate Dates | Reason for Treatment |
|------|---------|-------------------|----------------------|
|      |         |                   |                      |
|      |         |                   |                      |
|      |         |                   |                      |
|      |         |                   |                      |

E.     Any and all surgeries, procedures, and hospitalizations that you have had in the past 10 years that you have not already described above or in the Plaintiff Profile Form.

| Approximate Date | Reason for and Description of Procedure | Doctor Name and Address (including hospital or facility) |
|------------------|------------------------------------------|----------------------------------------------------------|
|                  |                                          |                                                          |
|                  |                                          |                                                          |
|                  |                                          |                                                          |
|                  |                                          |                                                          |
|                  |                                          |                                                          |

G.   Each *other* physician or healthcare provider not already identified above from whom you have received treatment in the last 10 years, excluding physicians already identified in the Plaintiff Profile Form:

| Name | Address | Specialty & Reason for Consult | Medication(s) Prescribed |
|------|---------|-------------------------------|--------------------------|
|      |         |                               |                          |
|      |         |                               |                          |
|      |         |                               |                          |
|      |         |                               |                          |

H.   Each pharmacy, drugstore and/or other supplier (including mail order) where you have had prescriptions filled or from which you have ever received any prescription medication in the past 10 years:

| Name | Address | Medication(s) Prescribed |
|------|---------|--------------------------|
|      |         |                          |
|      |         |                          |
|      |         |                          |
|      |         |                          |

I.   Each health insurance carrier which provided you with medical coverage and/or pharmacy benefits for the last 10 years, with the named insured and named insured's social security number.

| Carrier | Policy Number | Named Insured | Social Security No. |
|---------|---------------|---------------|---------------------|
|         |               |               |                     |
|         |               |               |                     |
|         |               |               |                     |

13

## VII.  <u>DOCUMENT REQUESTS</u>

Please produce any and all documents in your possession or in the possession of your attorneys that are responsive to the following requests:

1.  Copies of all medical records, bills, and any other documents from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you in the past ten (10) years or that you otherwise identified in this PFS.

2.  History and physical, informed consent, operative note, product identification sticker, and discharge summary from hospitalization where any hernia mesh, including any Covidien Hernia Mesh Device, was implanted.

3.  History and physical, informed consent, operative note, and discharge summary from any removal or revision of any hernia mesh, including any Covidien Hernia Mesh Device.

4.  History and physical, operative note, and discharge summary from any hospitalization(s) related to treatment for any alleged injury from any Covidien Hernia Mesh Device(s).

5.  To the extent it has not been produced in response to the requests above, any other medical records related to treatment for any alleged injury from any Covidien Hernia Mesh Device(s).

6.  If you have been the claimant or subject of any worker's compensation, Social Security or other disability proceeding, all documents relating to such proceeding.

7.  All documents in your possession which you believe were provided to you (not to your lawyer) by any Defendant.

8.  All photographs, drawings, slides or videos from two years prior to the incident until the present relating to your use of a Covidien Hernia Mesh Device and/or the injuries you allege a Covidien Hernia Mesh Device caused.

9.  All entries in journals, diaries, notes, letters, emails, or other documents written by you or received by you relating your use of a Covidien Hernia Mesh Device, and/or the injuries you allege a Covidien Hernia Mesh Device caused.

10. All documents (including electronic data) relating to any web sites you have viewed, chat rooms, web logs (or "blogs"), electronic mail, or other internet activity in which you have engaged related to your use of a Covidien Hernia Mesh Device and/or the injuries you allege a Covidien Hernia Mesh Device caused.  Research conducted to understand the legal and strategic advice of your counsel is not considered responsive to this request.

11. All documents relating to any communication by you to or from the Food & Drug Administration ("FDA"), including but not limited to on-line, telephoned, mailed, or faxed

communications to the FDA's MedWatch program, regarding Covidien Hernia Mesh Device(s), including the dates of such communications.

12.  If you claim you have suffered a loss of earnings or earning capacity, your federal tax returns for each of the last five (5) years.

13.  If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy or other healthcare provider.

## **<u>VERIFICATION</u>**

I,_____,  declare under penalty of perjury subject to 28 U.S.C. § 1746

that all of the information provided in this Plaintiff Fact Sheet is true, complete, and correct to the best

of my knowledge, information, and belief, and that I have supplied all the documents requested in Part

VII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession or in the

possession of my lawyers, and that I have signed and supplied the authorizations attached to this

Verification.

Further, I acknowledge that I have an obligation to supplement the above responses if I learn

that they are in any material respect incomplete or incorrect.


_____                        _____
Date                                          Signature of Plaintiff

## <u>LOSS OF CONSORTIUM VERIFICATION</u>

I, _____, declare under penalty of perjury subject to 28 U.S.C. §

1746, that I have carefully reviewed the final copy of this Plaintiff Fact Sheet and verified that all of the

information provided is true and correct to the best of my knowledge, information and belief.

Further, I acknowledge that I have an obligation to supplement the above responses if I learn

that they are in any material respect incomplete or incorrect.


_____                    _____
Date                                 Signature of Loss of Consortium Plaintiff

# EXHIBIT B

**AUTHORIZATION**

For the Disclosure of Protected Health Information Pursuant to 45 CFR § 164.508(a)(1)

To:    _____
       Name

       _____
       Address

       _____
       City, State and Zip Code


This document authorizes you to disclose to the named party or parties below upon request, the medical records described below concerning _____ , whose date of birth is _____ and whose social security number is _____ , for the purpose of permitting defendants in my personal injury lawsuit against Covidien, LP, access to medical records pertinent to that lawsuit. This authorization does not allow any person other than my attorneys to discuss my medical care and treatment with you or anyone else.

You are hereby authorized to release my entire medical records file to the defendant or its authorized representative listed below ("Record Requestor"). This release authorizes you to furnish copies of all medical records, including but not limited to medical reports and notes, laboratory reports, pathology slides, reports, notes, and specimens, radiographic films, CT scans, X-rays, MRI films, MRA films, correspondence, progress notes, prescription records, echocardiographic recordings, written statements, employment records, wage records, insurance, Medicaid, Medicare, and disability records, and medical bills regarding my injuries, diseases, testing, or treatment, specifically but not limited to HIV/AIDS or other communicable diseases, drug testing, drug or alcohol abuse treatment, or mental or behavioral health or psychiatric care, **excluding psychotherapy notes.**

You may not condition treatment, payment, enrollment, or eligibility for benefits on whether this authorization is signed.

I intend that this authorization shall be continuing in nature. If information responsive to this authorization is created, learned or discovered at any time in the future, either by you or another party, you must produce such information to the requestor at that time.

Further, I hereby agree that a photo static copy of this authorization may serve as an original.

You are authorized to release the above information to the following representative of defendants in the above-entitled matter who has agreed to pay reasonable charges made by you to supply copies of records.

M R C
_____
Name of Representative

Records Requestor
Representative Capacity (e.g. attorney, records requestor, agent, etc.)

10550 Richmond Avenue, Suite 310
_____
Street Address

Houston, Texas 77042_____
City, State and Zip Code

This authorization may be revoked by writing to the individual to whom this authorization is provided. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and any revocation will not affect those actions. I also understand that provision of this signed authorization is required by Order of the Court in the litigation to which this authorization pertains, and that such revocation, without good cause, may consequently lead to sanctions.

I further acknowledge the potential for information disclosed pursuant to this authorization to be subject to redisclosure by a recipient and not protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

This authorization expires two years from the date below.

Date: _____

_____
Signature or Patient (or Patient's Representative)

_____
Description of Representative's Authority to Act for Patient, if Applicable

## 1-800-MEDICARE Authorization to Disclose Personal Health Information

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

**1.**  **Print Name**                                   **Medicare Number**                                   **Date of Birth**
   (First and last name of the person with Medicare)   (Exactly as shown on the Medicare Card)   (mm/dd/yyyy)

**2.**  Medicare will only disclose the personal health information you want disclosed.

    **2A:  Check only <u>one</u> box below to tell Medicare the specific personal health information you want disclosed:**

        ☐  Limited Information (go to question 2b)

        ☐  Any Information (go to question 3)

    **2B:  Complete <u>only</u>  if you selected "limited information". Check all that apply:**

        ☐   Information about your Medicare eligibility

        ☐  Information about your Medicare claims

        ☐  Information about plan enrollment (e.g. drug or MA Plan)

        ☐  Information about premium payments

        ☐  Other Specific Information (please write below; for example, payment  information)
        _____
        _____

    **2C: NY Residents Only**, this section must be completed.
    Please select one of the following options: (Please check only one box.)

        ☐  Include all information. This includes information about alcohol and drug abuse, mental health treatment, and HIV.

        OR

        ☐  Exclude information about alcohol and drug abuse, mental health treatment, and HIV.

3. **Check only one box below indicating how long Medicare can use this authorization to disclose your personal health information** (subject to applicable law—for example, your State may limit how long Medicare may give out your personal health information):

☐  Disclose my personal health information indefinitely

☐  Disclose my personal health information for a specified period only

beginning: _____ (mm/dd/yyyy) and ending: _____ (mm/dd/yyyy)

4. **Fill in the name and address of the person or organization to whom you want Medicare to disclose your personal health information. Please provide the specific name of the person for any organization you list below. If you would like to authorize any additional individuals or organizations, please add those to the back of this form.**

Name _____

Address _____

Name _____

Address _____

**Note: You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission. To revoke authorization, send a written request to the address noted below.** Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

5. 
**I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form.  I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.**

_____        _____        _____
Signature                                      Telephone Number                      Date (mm/dd/yyyy)

**Print the address of the person with Medicare  (Street Address, City, State, and ZIP)**

_____

_____

☐  Check here if you are signing as a personal representative and complete below.
   Please attach the appropriate documentation (for example, Power of Attorney).  This <u>only</u> applies if someone other than the person with Medicare signed above.

**Print the Personal Representative's Address (Street Address, City, State, and ZIP)**

_____

_____

Telephone Number of Personal Representative:        _____

Personal Representative's Relationship to the Beneficiary:        _____

6. **Send the completed, signed authorization to**:

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

PrintForm

**Note:** You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission. If you would like to revoke authorization, send a written request to the address noted above.

Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0938-0930. The time required to complete this information collection is estimated to average 15 minutes per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.

## AUTHORIZATION

For the Disclosure of Protected Health Information Pursuant to 45 CFR § 164.508(a)(2)


To:     _____

        Name


        _____

        Address


        _____

        City, State and Zip Code


This document authorizes you to disclose to the named party or parties below upon request, the **psychotherapy notes** described below concerning _____ , whose date of birth is _____ and whose social security number is _____ , for the purpose of permitting defendants in my personal injury lawsuit against Covidien, LP, access to medical records pertinent to that lawsuit. This authorization does not allow any person other than my attorneys to discuss my medical care and treatment with you or anyone else.

You are hereby authorized to release my entire medical records file to the defendant or its authorized representative listed below ("Record Requestor").  This release authorizes you to furnish copies of all records pertaining to mental or behavioral health or psychiatric care, including "psychotherapy notes," as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501 ("HIPAA").  Under HIPAA, the term "psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversations during a private counseling session or a group, joint or family counseling session and that are separated from the rest of the individual's record. This authorization does not authorize ex parte communication concerning same.

You may not condition treatment, payment, enrollment, or eligibility for benefits on whether this authorization is signed.

I intend that this authorization shall be continuing in nature. If information responsive to this authorization is created, learned or discovered at any time in the future, either by you or another party, you must produce such information to the requestor at that time.

Further, I hereby agree that a photo static copy of this authorization may serve as an original.

You are authorized to release the above information to the following representative of defendants in the above-entitled matter who has agreed to pay reasonable charges made by you to supply copies of records.

M R C
Name of Representative

Records Requestor
Representative Capacity (e.g. attorney, records requestor, agent, etc.)

10550 Richmond Avenue, Suite 310
Street Address

Houston, Texas 77042
City, State and Zip Code

This authorization may be revoked by writing to the individual to whom this authorization is provided. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and any revocation will not affect those actions. I also understand that provision of this signed authorization is required by Order of the Court in the litigation to which this authorization pertains, and that such revocation, without good cause, may consequently lead to sanctions.

I further acknowledge the potential for information disclosed pursuant to this authorization to be subject to redisclosure by a recipient and not protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

This authorization expires two years from the date below.

Date:_____

_____
Signature or Patient (or
Patient's Representative)

_____
Description of
Representative's Authority to
Act for Patient, if Applicable

## AUTHORIZATION

For the Disclosure of Protected Health Information Pursuant to 45 CFR § 164.508(a)(1)

To:      _____
          Name

          _____
          Address

          _____
          City, State and Zip Code


This document authorizes you to disclose to the named party or parties below upon request, the records described below concerning_____ , whose date of birth is _____ and whose social security number is _____ , for the purpose of permitting defendants in my personal injury lawsuit against Covidien, LP, access to medical records pertinent to that lawsuit. This authorization does not allow any person other than my attorneys to discuss my medical care and treatment with you or anyone else.

You are hereby authorized to release my entire workers' compensation file, including, but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents, to the defendant or its authorized representative listed below ("Record Requestor"). This release authorizes you to furnish copies of all workers' compensation records.

You may not condition treatment, payment, enrollment, or eligibility for benefits on whether this authorization is signed.

I intend that this authorization shall be continuing in nature. If information responsive to this authorization is created, learned or discovered at any time in the future, either by you or another party, you must produce such information to the requestor at that time.

Further, I hereby agree that a photo static copy of this authorization may serve as an original.

You are authorized to release the above information to the following representative of defendants in the above-entitled matter who has agreed to pay reasonable charges made by you to supply copies of records.

M R C
_____
Name of Representative


Records Requestor
Representative Capacity (e.g. attorney, records requestor, agent, etc.)


10550 Richmond Avenue, Suite 310
Street Address


Houston, Texas 77042
City, State and Zip Code

This authorization may be revoked by writing to the individual to whom this authorization is provided. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and any revocation will not affect those actions. I also understand that provision of this signed authorization is required by Order of the Court in the litigation to which this authorization pertains, and that such revocation, without good cause, may consequently lead to sanctions.

I further acknowledge the potential for information disclosed pursuant to this authorization to be subject to redisclosure by a recipient and not protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

This authorization expires two years from the date below.

Date: _____


_____
Signature or Patient (or Patient's
Representative)


_____
Description of Representative's
Authority to Act for Patient, if
Applicable