UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE: COVIDIEN HERNIA MESH
PRODUCTS LIABILITY LITIGATION
NO. II,

This Document Relates To:

All Cases

MDL No. 1:22-md-03029-PBS

CASE MANAGEMENT ORDER NO. 10

This Court, having entered Case Management Order No. 1, through which it designated Plaintiffs' interim Co-Lead Counsel and interim Liaison Counsel, now has received from the interim Co-Leads, Plaintiffs' Application for Appointment of Leadership. Through this filing, this Court has reviewed interim Co-Leads' consensus recommendations as well as the qualifications of the proposed members of the leadership committee. The Court finds that consensus recommendations present a broad range of highly experienced and well-qualified counsel with diverse backgrounds and is satisfied that the recommended leadership committee will provide the Court with an effective plaintiffs' leadership group to advance this litigation in an efficient and just manner. This court, therefore, hereby **ORDER**S:

1. **Scope of Order.**

This Order shall apply to all cases currently pending in *IN RE: COVIDIEN HERNIA MESH PRODUCTS LIABILITY LITIGATION NO. II,* MDL No. 3029 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of the MDL proceedings.

**2. Plaintiffs' Leadership Counsel Appointments.**

The Court appoints the following counsel as Plaintiffs' Co-Lead Counsel, Liaison Counsel, and to the Plaintiffs' Executive Committee and Steering Committee.

    **A. Plaintiffs' Co-Lead Counsel.**

Timothy M. O'Brien
Florida Bar No. 055565
LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY, P.A.
316 South Baylen St., Ste. 600
Pensacola, FL 32502
Tel: (850) 435-7084
Fax: (850) 436-6084
tobrien@levinlaw.com

Kelsey L. Stokes
Texas Bar No. 24083912
FLEMING, NOLEN & JEZ, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056-6109
Tel: (713) 621-7944
Fax: (713) 621-9638
kelsey_stokes@fleming-law.com

    **B. Plaintiffs' Liaison Counsel.**

Walter Kelley
BBO# 670525
4 Court Street
Plymouth, MA 02360
Tel: (617) 420-1111
Fax: (617) 830-0712
wkelley@realjustice.com

    **C. Plaintiffs' Executive Committee ("PEC").**

Andrea Giovannone
Rueb Stoller Daniel
515 S. Figueroa Street, Suite 1550
Los Angeles, CA 90071
Tel: 866-225-5773
Fax: 855-203-2035

2

andrea@lawrsd.com

C. Brett Vaughn
Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW, Third Floor
Washington, D.C. 20016
Tel:    913-800-8518
Fax:    202-792-7927
bvaughn@nighgoldenberg.com

        D.       Plaintiffs' Steering Committee ("PSC").

The Plaintiffs' Steering Committee includes all of the above-appointed counsel as well as the following counsel:

Rosemarie Riddell Bogdan
Harding Mazzotti, LLP
1 Wall Steet
Albany, NY 12212
Tel:    518-862-1200
rosemarie.bogdan@1800law1010.com

Sheila Bossier
Bossier & Associates, PLLC
1520 N. State Street
Jackson, MS 39202
Tel: 601-352-5450
Fax: 601-352-5452

Ashley Crowell
Babin Law, LLC
7014 E Camelback Road
Suite B100A, #77
Scottsdale, AZ 85251
Tel:    480-716-4477
Ashley.perea-crowell@babinlaws.com

Scott Fraser
McDonald Worley
1770 St. James Place, Suite 100
Houston, TX 77056
Tel: 713-523-5500
Scott@mcdonaldworley.com

3

Robert King
King Law
19 West Main Street, Suite 250
Rochester, NY 14614
Tel: 585-270-8882
rking@robertkinglawfirm.com

**3.    Designations, Funding, Future Changes in PSC Structure.**

These designations are of a personal nature. This Court looks to these counsel to undertake personal responsibility to perform the designated functions and reserves the discretion to replace these counsel should they become unable or unwilling to do so, or should such other circumstances arise that warrant the same. This Court may amend or expand the PSC upon request of the PSC or on its own motion, if and as circumstances warrant. This Court is mindful that counsel within the PSC will be advance funding much of the common benefit litigation and that each of the members of the PSC have warranted their ability and willingness to advance fund the common litigation as determined are necessary by the Co-Leads. The failure of any member of the PSC to meet any of the advanced funding obligations as determined are necessary by the Co-Leads may constitute good cause for removal from the PSC.

**4.    Duties of Co-Lead Counsel**

It shall be the responsibility of Co-Lead Counsel to provide oversight to and coordinate the responsibilities of the Executive Committee and PSC.

The duties of Co-Lead Counsel include, but are not limited to, the following:

**<u>Administration</u>**

    a. Call meetings of counsel for Plaintiffs for any appropriate purpose;

    b. perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing sub-

4

      committees comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC;

c. monitor the activities of the PEC and PSC and other co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

d. maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all Plaintiffs or their attorneys in the MDL proceedings;

e. provide periodic reports to non-PSC plaintiffs' counsel concerning the status of the litigation on no less than a quarterly basis;

f. to coordinate services and filings;

g. to maintain and distribute to co-counsel and to Defendants' Counsel an up-to-date service list;

h. to receive and distribute all pleadings, all Court orders, and motions, provided all counsel shall continue to receive all notices through the Court's CM/ECF system;

i. to maintain in conjunction with their accountant records of receipts and disbursements advanced by members of the PSC and received by the PSC and to report in writing to the PSC concerning disbursements and receipts;

j. to act as the treasurer for any common benefit assessments and expenses, which shall be allocated to one of the Co-Lead Counsel, not both;

    k. to maintain and make available to all Plaintiffs' counsel of record at reasonable hours a complete file of all documents served by or upon each party (except such documents as may be available at a document depository);

    l. to be available for any telephone conferences convened by the Court and to communicate the substance of any such telephone conference to all other Plaintiffs' counsel; and

    m. perform such other functions as may be expressly authorized by further orders of the Court.

**Discovery**

    a. Initiate, coordinate, and conduct all pretrial discovery on behalf of all Plaintiffs who file civil actions in this Court or that are transferred to this Court pursuant to 28 U.S.C. § 1407 and which are consolidated with this multi-district litigation and are part of the MDL proceeding;

    b. develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs;

    c. initiate, coordinate, and cause to be issued in the name of all Plaintiffs the necessary discovery requests, motions and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issues developed by the PSC. Similar requests, notices and subpoenas may be caused to be issued by the PSC upon written request by the individual attorney in order to assist him/her in preparation of the pretrial stages of his/her client's particular claims; and

    d. conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all Plaintiffs with the assistance from the PSC.

**Motion Practice and Hearings**

    a. Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

    b. submit and argue or designate other counsel to argue any motions presented to the Court or Magistrate Judge on behalf of all Plaintiffs as well as oppose when necessary any motions submitted by Defendants or third parties;

    c. examine or designate other counsel to examine witnesses and introduce evidence at hearings on behalf of Plaintiffs; and

    d. act or designate other counsel to act as spokesperson(s) for Plaintiffs at pretrial proceedings and in response to any inquiries by the Court.

**Contact with Defense Counsel**

    a. Initiate, coordinate and conduct (or designate others to do so) the requisite meet and confers with Defendants, confer with Defendants regarding procedural matters, and negotiate and enter into stipulations with Defendants regarding this litigation; and

    b. explore or designate other counsel to explore, develop and pursue settlement options with Defendants on behalf of Plaintiffs.

5.    **Communications with the Court.**

All communications from Plaintiffs with the Court should be through Co-Lead Counsel or Liaison Counsel or, as requested by Co-Lead Counsel. If circumstances require direct correspondence with the Court by an individual counsel, copies of any such communications shall be simultaneously served upon Plaintiffs' Co-Lead Counsel or as otherwise delegated.

**6.     No Waiver of Privilege.**

The Court recognizes that cooperation by and among plaintiffs' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege and/or the work product doctrine, if the privilege or doctrine is otherwise applicable, and all of such persons shall maintain the confidentiality of such communications.  Cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**7.     Individual Claimants' Counsel Responsibility for Their Respective Clients.**

Under no circumstances are Co-Lead Counsel, Liaison Counsel, the members of the PEC, or any member of the PSC responsible for filings, discovery, or any other issue or matter related to an individual plaintiff's case or claim. More specifically, Co-Lead Counsel, Liaison Counsel, the members of the PEC, or any member of the PSC are in no way responsible for the attorney-client relationship and the duties and responsibilities each individual attorney or law firm owe to their client(s) in the prosecution of their individual case(s).

**8.     Common Benefit Fee & Expense Dispute Resolution Process.**

The Plaintiffs Steering Committee envisions petitioning this Court to create a process for the recording and submission of Common Benefit Time & Expenses for those attorneys who

perform Common Benefit work.  To assist this Court with the determination of the appropriate Common Benefit Time & Expenses allocations, this Court appoints the two Co-Leads as Chairs of the Common Benefit Fee Committee.  Before any application to this Court for Common Benefit Fee and/or Expense allocation, the Common Benefit Fee Committee will have the job of reviewing all times and expenses submitted and generating a report regarding same.  At the appropriate time, this Court will appoint a Special Master for Common Benefit Fee & Expense Allocation.  It will be the job of this Special Master to review the Common Benefit Fee & Expense Allocation report of the Common Benefit Fee Committee, hear any protests or appeals regarding that Committee report, and then issue a Special Master Report & Recommendation to this Court for its review.  The Special Master's Report & Recommendation will report to this Court what the Special Master recommends for payments of the common benefit fees and expenses.  This Court will then review the Report and Recommendation and issue a final Order determining any and all payments of the common benefit fees and expenses.

**IT IS SO ORDERED** this 18th day of September, 2023.

/s/M. Page Kelley
_____
United States Magistrate Judge

9