UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COVIDIEN HERNIA MESH PRODUCTS LIABILITY LITIGATION NO. II, **This Document Relates To:** All Cases | MDL No. 1:22-md-03029-PBS |

## CASE MANAGEMENT ORDER NO. 12

### Regarding Defendant Fact Sheets

This Court hereby issues the following Case Management Order to govern the form, procedure, and schedule for the completion and service of the Defendant Fact Sheets ("DFS") and other documents referenced therein.

**I.   Scope of this Order**

This Order applies to all Plaintiffs, Defendants and their counsel in: (a) all actions selected as Bellwether Pool Cases pursuant to CMO 4 and the Court's forthcoming order. The obligation to comply with this CMO and to provide a DFS shall fall solely on the Defendants in an individual case and the individual counsel representing the Defendants.

**II.   Defendant Fact Sheets**

   **A.   The DFS Form and Service**

   1.   The Defendant Fact Sheet is attached as Exhibit A, which has been agreed to by the parties and approved by the Court.

   2.   The DFS for the 6 Plaintiffs whose cases have been selected as Bellwether Pool Cases shall be due on or before November 13, 2023.

3.  The completed DFS and the duly executed authorizations to obtain discoverable records shall be served upon Plaintiff's counsel via email. A copy of the DFS shall be sent to the PSC's designee at covidienmdldfs@fleming-law.com.

**B. Amendments**

Defendants shall remain under a continuing duty to supplement the information provided in the DFS.

**C. DFS Deficiency Dispute Resolution**

**1. Phase I: Deficiency Letter**

4.  If Plaintiffs deem a DFS deficient, then Plaintiffs' counsel shall notify Defendants' attorney of record of the purported deficiencies via email and allow Defendants 14 days from the date of notification to correct the alleged deficiency. A courtesy copy of the email shall be sent to the PEC's designee at PSC's designee at covidienmdldfs@fleming-law.com.

   a.  Plaintiffs shall include sufficient detail regarding the alleged deficiency(ies).

**2. Phase II: Meet and Confer**

5.  Should Defendants not respond to the deficiency letter within the time required, then Plaintiffs may request a meet and confer. Plaintiffs' counsel shall notify Defendants' attorney of record via email of the request to meet and confer and state that the meet and confer shall occur within 10 days. A courtesy copy of the email shall be sent to the PSC's designee at covidienmdldfs@fleming-law.com. The parties' meet and confer period shall begin upon receipt of the email by Defendants' attorney of record and, absent agreement of the parties, shall be completed by the conclusion of the 7 days.

### 3. Phase III: Motion to Compel

6. Following the meet and confer period, should Defendants: (i) fail to cure the stated deficiency(ies); (ii) fail to assert objections to same; (iii) fail to respond to or participate in the meet and confer process; or (iv) otherwise fail to provide responses, and absent agreement of the parties to further extend the meet and confer period, at any time following expiration of the 14 day meet and confer period, Plaintiffs may then file a Motion to Compel the allegedly deficient discovery information via ECF, with a courtesy copy sent via email to Defendants' attorney of record and to the PSC's designee at covidienmdldfs@fleming-law.com.

    a. Any motion to compel pursuant to this CMO need not be noticed for presentment.

    b. Any response to such a motion shall be filed and served within 14 days following the date of service. Any reply, if necessary, shall be filed within 5 days following the date of service of the opposition.

    c. Absent an Order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

## D. Failure to Serve a DFS

7. Defendants may request one extension of 7 days to serve a completed DFS, which Plaintiffs shall not unreasonably withhold. Such requests must be made via email to Plaintiffs' counsel before the expiration of the deadline, with a courtesy copy sent to the PSC's designee at covidienmdldfs@fleming-law.com.

### 1. Phase I: Notice of Non-Compliance

8. Should Defendants fail to serve a DFS within the time required in this CMO, Plaintiffs shall send a Notice of Non-Compliance letter via email to that Defendants' attorney of record, with a courtesy copy to the PE PSC's designee at covidienmdldfs@fleming-law.com.

   a. Following the receipt of the Notice of Non-Compliance, Defendants shall have 7 days to serve the DFS.

   **2. Phase II: Motion to Compel**

9. Should Defendants fail to provide an executed DFS following the time period allowed above, Plaintiffs may then move the Court for a motion to compel via ECF, with a courtesy copy sent via email to Defendants' attorney of record and to the PSC's designee at covidienmdldfs@fleming-law.com.

   a. No meet and confer shall be required for such a motion.

   b. Any motion to compel pursuant to this CMO need not be noticed for presentment.

   c. Any response to such a motion shall be filed and served within 7 days following the date of service. Any reply, if necessary, shall be filed within 5 days following the date of service of the opposition.

   d. Absent an Order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

**III. Confidentiality**

All information disclosed in a DFS, the DFS itself, and all related documents (including health care information) produced pursuant to the DFS shall be deemed confidential and treated as "Confidential Information" under Case Management Order No. 7.

**IT IS SO ORDERED.**

__10/13/2023_____          _____/s/M. Page Kelley_____
                                United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*MDL No. 3029*
*In Re: Covidien Hernia Mesh Product Liability Litigation No. II*

---

**DEFENDANTS' FACT SHEET**

For each case selected for the Bellwether Discovery Cases pursuant to Case Management Order No. 4, Defendants must complete this Defendants' Fact Sheet ("DFS").

**I.     CASE INFORMATION**

This DFS pertains to the following case:

Case Caption:  _____

Docket number:  _____

**II.     CONTACTS WITH PHYSICIANS**

A. Identify every Sales Representative with responsibility for Covidien Hernia Mesh Devices at the medical facility where a Covidien Hernia Mesh Device was implanted in Plaintiff. The timeframe for this question is from three years preceding Plaintiff's hernia repair surgery and the three years after Plaintiff's hernia repair surgery.

_____
_____
_____

B. For each Identified Physician who is alleged to have removed some or all of one or more of the Covidien Hernia Mesh Device(s) identified in Plaintiff's PFS, identify every Sales Representative responsible for the territory encompassing where this Identified Physician practiced according to the information in the PFS. The timeframe for this question is from three years before the date of removal by this Identified Physician of some or all of one or more of the Covidien Hernia Mesh Device(s) and three years after the date of removal by this Identified Physician of some or all of one or more of the Covidien Hernia Mesh Device(s).

_____
_____
_____

C. Identify by Bates-stamp documents produced in the litigation, if any, that identify Sales Representatives and their supervisors as well as the regions for which they were responsible at the time of launch of the Covidien Hernia Mesh Device(s) identified in

1

Plaintiff's PFS.

_____

For each Implanting Surgeon identified by Plaintiff in the Plaintiff Fact Sheet provide the following information for each Sales epresentative identified in response to II.A:

- A. Identity of physician with whom contact was had and indicate which Sales epresentative(s) had such contact.

- B. The years of employment with Defendants and current employment status of the Sales epresentative(s).

- C. Identity of the Sales epresentative(s) immediate supervisor(s) (including, but not limited to, regional supervisor or district manager) at the time Plaintiff's Covidien ernia Mesh Device was implanted.

- D. A description of each of the contacts between the Sales epresentative(s) and the physician to the extent such descriptions already exist in business records.

- E. Set forth the date, and location of each operation or procedure performed by the Implanting Surgeon, including but not limited to any surgery involving the Plaintiff in this case, which was attended or observed (in whole or in part) by the Sales epresentative(s).

- F. Identify any other employees or agents of Defendants whom the Sales epresentative(s) now to have communicated with the physician.

- . For each Sales epresentative identified in subparts II.A and II.B above, Defendants shall search the electronically stored data already collected or reasonably accessible for each Sales epresentative to capture from these sources records relating to contacts with the Identified Physicians concerning Covidien ernia Mesh Device(s), including but not limited to mar eting presentations to the Identified Physicians, promotional materials provided to the Identified Physicians, medical literature provided to the Identified Physicians, D P letters provided to the Identified Physicians, trainings of the Identified Physicians, and surgeries attended by the sales representative. The timeframe for this question will correlate to the timeframes in subparts II.A and II.B. Defendants will produce to each Plaintiff any documents identified through these searches[1].

### III. OTHER CONTACTS, CONTRACTS, AND AGREEMENTS WITH PHYSICIANS

---

[1] Defendants agree to run the following search terms to identify responsive documents: Plaintiff name; Implanting surgeon name identified in PFS; emoving surgeon name identified in PFS; Plaintiff's family members identified in PFS; "Dear Doctor"; "Dear ealthcare"; " aunch Manual"; "Compendium"; and "Product Brochure".

To the extent known or identifiable by electronic search, Defendants will provide the following information for each Implanting Surgeon, Revising Surgeon and/or Explanting Surgeon identified in the Plaintiff Fact Sheet:

A. Any agreement between Defendants and the Identified Physician.

| Physician Name | Date(s) of Contract(s) or Agreement(s) | Nature of Agreement(s) (*e.g. "Key Opinion Leader," Clinical Investigation," Preceptor, etc.*) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

B. Any monetary or non-monetary compensation or benefit including, but not limited to money, travel, and compensation for meal(s) provided to the Identified Physician(s).

| Physician Name | Date(s) of Compensation | Amount of Compensation | Purpose of Compensation |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

C. Any training conducted by the Defendants or any representative thereof provided to or by the Identified Physician(s) for any Covidien Hernia Mesh Device(s).

| Physician Name | Date(s) and Location(s) of Training | Title or Topic of Program | Description of Any Written Materials Provided |
|---|---|---|---|
| | | | |

3

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

### IV.     INFORMATION REGARDING THE PLAINTIFF

    A.   Identify all records, data, information, and reports in Defendants' possession or control with regard to Plaintiff's medical condition(s), as specifically related to Plaintiff.

    B.   Identify all data, reports, study or research in Defendants' possession or control with regard to the lot number of the specific Covidien ernia Mesh Devices(s) implanted in the Plaintiff, including but not limited to location and date of manufacture.

    C.   Identify any contact or communication, whether written or oral, between Plaintiff and any employee or representative of Defendants concerning Defendants' ernia Mesh Devices, including but not limited to pre-operative inquiries and or post-operative complaints.

    D.   Identify by Bates range and or produce the complaint file relating to Plaintiff's claims, including but not limited to, all Med atch Adverse Event eports and or any other documents submitted to the FDA or any other government agency with regard to the Plaintiff concerning Defendants' ernia Mesh Device(s).

### V.     DOCUMENTS

Please produce the following documents. Documents previously produced by Defendants in connection with this litigation need not be re-produced, but Defendants may identify responsive documents by Bates number.

    A.   All documents and communications that you consulted, referred to, or identified in responding to items I.-I . of this DFS.

    B.   The Complaint File, Adverse Event File, MA DE eport, or any similar file or document referencing Plaintiff.

    C.   Any agreements or contracts identified in Section III above.

    D.   Documents reflecting or relating to communications between Defendants and the Implanting Surgeon, evising Surgeon, and or Explanting Surgeon identified in the PPF concerning Plaintiff.

    E.   A copy of the specific Instructions for se or Directions for se associated with

4

the lot number of the Covidien Hernia Mesh Device(s) implanted in Plaintiff.

Defendants' Fact Sheet Certification

      I am an authorized agent of Defendants and I hereby certify that the matters stated herein are not the personal nowledge of the undersigned; that the facts stated herein have been assembledby authorized employees and counsel to Defendants and undersigned is informed that the facts stated therein are true. I further certify in my capacity as an authorized agent of Defendants that the responses herein are true and complete to the best of Defendants' nowledge and based upon a diligent search and analysis of the information available to the Defendants and their counsel and that the requested documentation has been provided.

_____

_____
Print Name

_____
Title

Date:_____

6