UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COVIDIEN HERNIA MESH PRODUCTS LIABILITY LITIGATION NO. II | MDL No. 1:22-md-03029-PBS |

**JOINT PROPOSED BRIEFING SCHEDULE FOR PROGRIP BELLWETHER CASE**

Pursuant to the Court's August 19, 2026 Order [ECF No. 645], the Parties have conferred and propose the following schedule for the ProGrip bellwether case set for trial on March 29, 2027:

| **Date** | **Event** |
|---|---|
| November 6, 2026 | Deadline for Parties to file dispositive and/or *Daubert* motions[1] |
| December 4, 2026 | Deadline for Parties to file oppositions to any dispositive and/or *Daubert* motions |
| December 18, 2026 | Deadline for Parties to file replies in support of any dispositive and/or *Daubert* motions |
| February 8, 2027 | Deadline for Parties to file motions *in limine*[2] |
| February 22, 2027 | Deadline for Parties to file oppositions to motions *in limine* |

Upon completion of any dispositive and/or *Daubert* motion practice, the Parties shall jointly submit a proposed trial schedule.

Two ProGrip cases have been worked up through expert discovery: *Stephen Passmore v. Covidien, Inc. et al.,* No. 1:22-cv-10136 (Plaintiffs' Bellwether selection) and *Vandon Kelly v. Covidien et al.*, No. 1:22-cv-10147 (Defendants' Bellwether selection). The Parties disagree as to

[1] To the extent applicable, the moving party shall incorporate by reference any arguments previously made in a prior *Daubert* motion related to a general expert. The moving party shall indicate in any *Daubert* motion for an expert for which the Court has previously issued rulings whether the Court ruled on an argument previously and, if so, whether it is moving to preserve the argument for appeal or whether it is seeking a different ruling because of new or different circumstances.

[2] The moving party shall indicate in any motion *in limine* whether the Court ruled on the issue previously and, if so, whether it is moving to preserve the issue for appeal or whether it is seeking a different ruling because of new or different circumstances.

which case should be set as the first ProGrip bellwether trial, and they request the opportunity to brief the issue for the Court. Briefly, the Parties' positions are stated below:

**Plaintiffs' Position**: Plaintiffs object to trying two back-to-back cases that were picked by Defendants. Therefore, the March 29, 2027 trial should be *Stephen Passmore v. Covidien, Inc. et al.,* No. 1:22-cv-10136. It has always been contemplated that the first ProGrip case would be *Passmore*. *See* April 7, 2025 Hearing Tr. [ECF No. 533] at 38:24–25. Further, as will be stated more fully in Plaintiffs' brief, Defendants' proposal (Vandon Kelly) has an extremely rare neurological condition—Guillain-Barre syndrome—that will undoubtedly be the focal point of Defendants' defense and, in and of itself, makes Mr. Kelly not representative of the other plaintiffs in this MDL.

**Defendants' Position:** Defendants submit that *Vandon Kelly v. Covidien et al.*, No. 1:22-cv-10147, should be the first ProGrip bellwether trial because it is most representative of the approximately 745 ProGrip cases in the MDL. Mr. Kelly's alleged injuries of pain, adhesions, and mesh migration are representative of most plaintiffs who assert ProGrip claims. By contrast, Mr. Passmore alleges testicle loss, a severe injury that is alleged in only 2% of ProGrip cases (17 plaintiffs total). Given the rarity and severity of Mr. Passmore's alleged injuries, *Kelly* is more representative and would provide more meaningful information about valuing the ProGrip cases across the MDL docket.

The Parties propose filing separate short submissions, limited to no more than 5 pages, on September 22, 2026, for the Court's consideration.

Plaintiffs consent to Magistrate Judge Kelley presiding over the trial, but Defendants do not consent to Magistrate Judge Kelley presiding over the trial.

**IT IS SO ORDERED.**

Dated: ________________, 2026
Boston, Massachusetts

/s/ ______________________________
Hon. Patti B. Saris
United States District Judge