**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: COVIDIEN HERNIA MESH PRODUCTS LIABILITY LITIGATION NO. II | MDL No. 22-md-03029-PBS |
| REGINA A. STEPHEN, Plaintiff, v. COVIDIEN LP and SOFRADIM PRODUCTION SAS, Defendants. | Civil Action No. 22-cv-11590-PBS |

**SCHEDULING ORDER**

September 18, 2026

Saris, J.

The Court **ORDERS** the following with respect to the pretrial schedule for Regina A. Stephen v. Covidien LP, et al., No. 22-cv-11590. To the extent any deadline in this scheduling order conflicts with a deadline set in the previously issued pretrial order (Dkt. 27), this scheduling order controls.

**I. Pretrial Motions**

A. The Parties shall file summary judgment and case-specific Daubert motions by October 2, 2026.[1]

[1] To the extent applicable, the moving party shall incorporate by reference any arguments previously made in a prior Daubert motion related to a general expert. The moving party shall indicate in

B. The Parties shall file responses in opposition to summary judgment or case-specific Daubert motions by October 23, 2026.

C. The Parties shall file reply briefs by October 30, 2026.

D. Oral argument on summary judgment and Daubert motions will be set by the Court for a date in November.

E. The Parties shall file motions in limine by November 13, 2026. Each side may file no more than five motions in limine, and no motion in limine shall present more than one dispute.[2]

F. The Parties shall file oppositions to motions in limine by December 4, 2026.

G. Motions in limine shall be argued and heard at the final pretrial conference.

## II. **Pretrial Disclosures**

A. The Parties shall make pretrial disclosures as required

---

any Daubert motion for an expert for which the Court has previously issued rulings whether the Court ruled on an argument previously and, if so, whether it is moving to preserve the argument for appeal or whether it is seeking a different ruling because of new or different circumstances. In the case of the former (to preserve the argument for appeal), the parties' respective briefings and the Court's order in the Patterson case are adopted as if filed in the instant case.

[2] The moving party shall indicate in any motion in limine whether the Court ruled on the issue previously and, if so, whether it is moving to preserve the issue for appeal or whether it is seeking a different ruling because of new or different circumstances.

by Federal Rule of Civil Procedure 26(a)(3) by November 10, 2026, thirty days before the final pretrial conference.

B. Objections to pretrial disclosures are due November 24, 2026.

## III. Final Pretrial Conference

A. The Parties shall file and serve proposed jury instructions, any preliminary jury instructions, proposed voir dire questions, witness and exhibit lists, and transcripts of the deposition testimony that the Parties intend to introduce at trial with objections by December 3, 2026.[3]

B. The Parties' joint pretrial memorandum in accordance with Local Rule 16.5(d) shall be filed on December 3, 2026. Counsel shall confer fourteen days before the final pretrial conference for the purpose of preparing the joint pretrial memorandum.

C. The final pretrial conference shall be held on December 10, 2026.

## IV. Trial

A. The trial shall begin on January 11, 2027.

[3] The Court will not revisit rulings on deposition designations for which it has previously ruled.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge