**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: COVIDIEN HERNIA MESH PRODUCTS LIABILITY LITIGATION NO. II | MDL No. 22-md-03029-PBS |
| REGINA A. STEPHEN, Plaintiff, v. COVIDIEN LP and SOFRADIM PRODUCTION SAS, Defendants. | Civil Action No. 22-cv-11590-PBS |

**ORDER**

November 23, 2026

Saris, J.

Defendants Covidien LP and Sofradim Production SAS (together, "Covidien") have moved for summary judgment (Dkt. 46) on most of the claims brought by Plaintiff Regina A. Stephen ("Plaintiff"). See Hurley v. Curtis, 189 F.4th 44, 52-53 (1st Cir. 2026) (describing summary judgment standard). After a hearing, the Court resolves the issues raised in the parties' main briefing (Dkts. 47, 55, 60) as follows:

1. The motion is **ALLOWED** without opposition with respect to the manufacturing defect claim (Count III), which Plaintiff has withdrawn.

2. The motion is **ALLOWED** without opposition with respect to the claims for negligence (Count IV), negligence per se (Count V), gross negligence (Count VI), violation of state consumer protection laws (Count VII), breach of implied warranty (Count VIII), negligent infliction of emotional distress (Count X), intentional infliction of emotional distress (Count XI), negligent misrepresentation (Count XII), fraud and fraudulent misrepresentation (Count XIII), and fraudulent concealment (Count XIV). Those claims are subsumed by Plaintiff's claims under the Mississippi Products Liability Act ("MPLA"), Miss. Code Ann. § 11-1-63. See Sunshine Mills, Inc. v. Nutra-Blend, LLC, 417 So. 3d 133, 142 (Miss. 2025) (explaining that the MPLA "mandates that all common-law claims for damages caused by defective products made against a manufacturer, designer, or seller of a product be brought according to its provisions"); Elliott v. El Paso Corp., 181 So. 3d 263, 269 (Miss. 2015) (holding that non-MPLA claims subsumed by the MPLA "fail as a matter of law").

3. The motion is **DENIED** with respect to the claim for breach of express warranty (Count IX). Plaintiff has offered sufficient evidence for a reasonable jury to find an express warranty related to Symbotex and on which Dr.

Lauren Buck relied. See Forbes v. Gen. Motors Corp., 935 So. 2d 869, 873 (Miss. 2006) (listing elements of breach of express warranty under the MPLA). Dr. Buck received Symbotex marketing materials from Covidien on at least two occasions before Plaintiff's surgery, including once at her request. One brochure included affirmative representations based on an allegedly nonexistent animal study that Symbotex's porcine barrier remains intact one week after implantation, only begins to degrade two weeks after implantation, and minimizes visceral and tissue attachment. A jury could reasonably infer that Dr. Buck relied on affirmative representations about the barrier in the marketing materials or from Covidien sales representatives based on her testimony that she depends in part on company representatives to inform her of a product's risks and that she would not have used Symbotex had she known it was not appropriate for intraperitoneal use. See id. at 876 (explaining that an "express warranty is any affirmation of fact or promise which concerns the product and becomes part of the basis for the purchase of such a product" (quoting Austin v. Will-Burt Co., 232 F. Supp. 2d 682, 687 (N.D. Miss. 2002))).

4. The motion is **DENIED** without prejudice with respect to Plaintiff's request for punitive damages. Covidien has agreed not to press this aspect of its motion given the Court's plan to bifurcate punitive damages from liability and compensatory damages at trial.

The Court will address Covidien's request for summary judgment on the design defect claim (Count I) once supplemental briefing on that issue is complete.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge