**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: COVIDIEN HERNIA MESH PRODUCTS LIABILITY LITIGATION NO. II | MDL No. 22-md-03029-PBS |
| REGINA A. STEPHEN,<br>Plaintiff,<br>v.<br>COVIDIEN LP and SOFRADIM PRODUCTION SAS,<br>Defendants. | Civil Action No. 22-cv-11590-PBS |

**ORDER**

November 23, 2026

Saris, J.

Defendants Covidien LP and Sofradim Production SAS (together, "Covidien") have moved to exclude the testimony of Dr. David Grischkan (Dkt. 44), an expert witness for Plaintiff Regina A. Stephen ("Plaintiff"), under Federal Rule of Evidence 702. See In re Covidien Hernia Mesh Prods. Liab. Litig. No. II, 831 F. Supp. 3d 73, 82-83 (D. Mass. 2026) (describing Rule 702 standard). After a hearing, the Court **DENIES** the motion with respect to the opinions addressed in the parties' main briefing (Dkts. 45, 54, 58).

First, the Court concludes by a preponderance of the evidence that Dr. Grischkan performed a reliable differential diagnosis to

support his opinion that Plaintiff's Symbotex caused the pain she suffered following her 2017 hernia repair.[1] See id. at 85, 89-90 (explaining differential diagnoses and standard for their reliability). Dr. Grischkan did not, as Covidien contends, rule in Symbotex based solely on his own say-so and the discovery of adhesions between the mesh and her colon and omentum in 2020. Rather, he explained, with citations to medical and scientific literature, that the exposure of tissue to the mesh's polyester material can trigger a significant inflammatory response, dense adhesions, and substantial abdominal pain. He added that Symbotex's collagen barrier aims to protect visceral organs from exposure to the bare mesh while the peritoneum reforms, that internal Covidien studies show that the barrier degrades too rapidly to serve this purpose, and that certain Covidien employees acknowledged the rapid resorption of the barrier and the risk of dense adhesions. He then cited the discovery of dense adhesions between Plaintiff's mesh and her colon and omentum to support his opinion that the premature failure of the barrier and exposure of Plaintiff's visceral organs to bare polyester resulted in adhesion

[1] Dr. Grischkan's expert report relied on Plaintiff's testimony about pain she suffered in the years after the hernia repair. Covidien asserts that no medical record reflects that Plaintiff reported pain near her belly button between November 2017 and August 2026. The credibility of Plaintiff's claim that she suffered pain and the extent and severity of that pain are issues for the jury to resolve.

formation and, in turn, her pain. This reasoning satisfies the reliability requirement of Rule 702. See id. at 86-90 (deeming admissible similar expert opinion that the premature degradation of Symbotex's collagen barrier caused a plaintiff's injuries).

Dr. Grischkan also reliably ruled out other potential causes of Plaintiff's pain, such as her prior abdominal surgeries, her irritable bowel syndrome, her gastroesophageal reflux disease, and her pelvic organ prolapse. To do so, he looked to the location, timing, and nature of Plaintiff's pain; the location and timing of the development of her adhesions; and the absence of adhesions elsewhere in the abdomen and other surgical complications. Contrary to Covidien's argument, Dr. Grischkan did more than rule out these potential causes because he ruled in the Symbotex. The Court is satisfied that Dr. Grischkan's reasoning, which draws on his extensive experience as a surgeon specializing in hernia repairs and the implantation and removal of hernia meshes, provides a sufficiently reliable basis for ruling out alternative causes and deeming Plaintiff's Symbotex to be the cause of her injuries.

Second, the Court rejects Covidien's challenge to the reliability of Dr. Grischkan's opinion in his supplemental report that Plaintiff's Symbotex caused the hardened tissue discovered during her September 2026 procedure and the supraumbilical pain she was suffering at the time. Again, Dr. Grischkan ruled in Symbotex based on more than the location of the mesh in relation

to the site of the pain. He further explained that inflammation from exposure of tissue to Symbotex's polyester material can cause continuous scarring and shrinkage of the mesh and a failure of the mesh to fully incorporate into the abdominal wall.

Dr. Grischkan reliably ruled out the absorbable tacks used in Plaintiff's hernia repair as well, noting that Plaintiff's supraumbilical pain developed well after the six months post-surgery when patients with absorbable tacks generally stop suffering pain and the twelve to eighteen months within which the tacks absorb; that there is no evidence of scarring from the tacks; and that Plaintiff had only one hardened mass of tissue even though numerous tacks were implanted during the hernia repair. Covidien's responses that the hardened tissue did not form until years after the Symbotex's collagen barrier allegedly failed, that the mesh was otherwise well incorporated, and that no adhesions were discovered during the 2026 procedure provide fodder for cross-examination rather than exclusion of Dr. Grischkan's specific causation opinion.

Finally, the Court finds that Dr. Grischkan is qualified to opine on the adequacy of Symbotex's warnings and that those opinions "will help the trier of fact . . . to determine a fact in issue." Fed. R. Evid. 702(a). While "a medical doctor without sufficient regulatory experience may not testify about whether a manufacturer's warnings about a medical device comply with

[federal] regulations," a "doctor who practices in a relevant field" may "opine on the sufficiency of the warnings from an end-user's perspective." In re Covidien, 831 F. Supp. 3d at 93 (collecting cases). As a surgeon with extensive hernia-related experience, Dr. Grischkan is qualified to opine on the adequacy of Symbotex's warnings from a surgeon's perspective even if he has limited experience with Symbotex specifically and does not recall other instructions for use ("IFU") he has reviewed. See id. at 93-94 (allowing a surgeon to opine on the adequacy of Symbotex's warnings even though he had not recently reviewed an IFU in his practice). Covidien argues that any inadequacy in the warnings did not proximately cause Plaintiff's injuries because Dr. Lauren Buck was already aware of Symbotex's risks. See 3M Co. v. Johnson, 895 So. 2d 151, 166 (Miss. 2005) (finding insufficient evidence of proximate causation where the "plaintiffs failed to demonstrate that some other warning would have given them additional information that they did not already know and that they would have acted upon that new information in a manner that would have avoided the injuries"). But Covidien has not sought summary judgment on the failure-to-warn claim. Dr. Grischkan's opinions on the adequacy of the warnings are relevant to that claim.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge